**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA ANN MILLER,            )<br>                                                  )<br>                    Plaintiff,            )<br>                                                  )<br>            vs.                                   )<br>                                                  )<br>HARTFORD INSURANCE COMPANY OF )<br>THE MIDWEST,                         )<br>                                                  )<br>                    Defendant.        )<br>_____) | 3:13-cv-00231-RCJ-VPC<br><br>**ORDER** |

This case arises out of a car accident in Las Vegas. Pending before the Court are a Motion to Remand (ECF No. 5) and a Motion to Dismiss (ECF No. 10). For the reasons given herein, the Court grants the motion to remand and denies the motion to dismiss.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Patricia Ann Miller was injured in a car accident with a non-party whose insurance company tendered the policy limits, which amount is unspecified in the Complaint, but which amount is alleged to be insufficient to make Plaintiff whole. (*See* Compl. ¶ 4, Apr. 2, 2013, ECF No. 1-3, at 6). Plaintiff demanded that Defendant Hartford Insurance Company of the Midwest ("Hartford") therefore tender an unspecified amount under Plaintiff's under-insured motorist ("UIM") policy, but Defendant refused, at least in part. (*See id.* ¶¶ 5–6). Plaintiff sued Defendant in state court for breach of contract. Defendant removed. Plaintiff has moved to remand for failure to satisfy the amount-in-controversy.

///

## II. LEGAL STANDARDS

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

## III. ANALYSIS

The usual question in such cases is whether it is more probable than not that the plaintiff, if she prevails on the theories listed in the complaint, can recover more than $75,000 in damages, fees, and costs. But the question in the present case is even more basic. In Nevada, a plaintiff in state court must allege that she seeks more than $10,000 in damages in order to invoke the general jurisdiction of the district court and avoid the limited jurisdiction of the justice court. Plaintiffs in Nevada usually include this recital. Here, however, Plaintiff has not included it, and therefore she did not even properly allege jurisdiction in the state district court:

> Prior to 1978, the Nevada Constitution allowed the district courts and the justices' courts to exercise concurrent jurisdiction in some areas . . . . In 1978, however, Article 6, section 6 of the Nevada Constitution was amended to provide, in part: "The District Courts . . . shall have original jurisdiction in all cases excluded by law from the original jurisdiction of the justices' courts." Therefore, the district courts have no original jurisdiction in matters in which the justices' courts have original jurisdiction. In short, concurrent jurisdiction between the district courts and the justices' courts can no longer exist.

*K.J.B. Inc. v. Second Judicial Dist. Court*, 745 P.2d 700, 701 (Nev. 1987). The Complaint indicates no amount of damages at all, and the original jurisdiction of the state district court itself is therefore in doubt.[1] Because jurisdiction in the state district court is in doubt, there is no removal jurisdiction here, *see Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382

---

[1] Additionally, because Plaintiff seeks damages for a cause of action arising in Nevada, she must arbitrate if the amount in controversy does not exceed $50,000, and she has not alleged that it does. *See* Nev. Rev. Stat. § 38.250(1)(a).

1  (1922) ("If the state court lacks jurisdiction of the subject-matter or of the parties, the federal
2  court acquires none, although it might in a like suit originally brought there have had
3  jurisdiction"), and the Court must therefore remand, *see* 28 U.S.C. § 1447(c).
4      The Notice of Removal indicates—but there is no evidence adduced showing—that the
5  UIM policy at issue has a limit of $100,000, and that $12,500 has been paid, so up to $87,500
6  remains at stake. Defendant also argues in response that this amount, plus consequential
7  damages and attorney's fees, are at issue. But there is no indication in the record that Plaintiff
8  made a policy-limits demand. Plaintiff offered to settle for $50,000, and Defendant counter-
9  offered to settle for $15,000. These settlement offers are not helpful. If Defendant had offered to
10 settle for over $75,000, that would be decent evidence that both sides believe more than $75,000
11 is at stake, but Defendant offered only $15,000. That is decent evidence that both sides believe
12 the case is worth more than $15,000, alleviating the Court's concerns that the state district court
13 may not have had jurisdiction, but it is not evidence that this Court has jurisdiction. And
14 Plaintiff's initial offer of $50,000 is decent evidence that Plaintiff believes its claim is not worth
15 much more than this (and maybe less). Defendant also notes that Plaintiff has refused to stipulate
16 to limit damages to $75,000 in exchange for Defendant's acquiescence to the present motion, but
17 this is not strong evidence of the actual amount in controversy, because the question is controlled
18 by the amount sought, not the amount eventually received, and Plaintiff cannot be expected to
19 forfeit the possibility of a favorable judgment in state court exceeding the jurisdictional amount
20 as the price of preserving her right to a state court forum if a lesser amount appears to be in
21 controversy as of the date of the Complaint. The Court is not convinced by a preponderance of
22 the evidence that more than $75,000 is at stake.
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated: This 19th day of June, 2013.

_____
ROBERT C. JONES
United States District Judge